UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:24-cr-00087-JRS-MKK |
| ) | |
| ) | |
| ANJELICA CLARK, ) | |
| ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States of America, by counsel, respectfully submits the following for the Court's consideration in the sentencing of the Defendant, Anjelica Clark. The government respectfully submits that a sentence of 210 months' imprisonment is appropriate here.

**INTRODUCTION**

Clark's conduct shows little regard for the most vulnerable in society. She not only possessed over a hundred images and videos of children being abused sexually, but she also sold access to these images and videos, and others stored online, to anyone who was willing to pay. It is always disturbing and concerning the callous disregard for victims that defendants have in these types of cases. But it is even more deplorable when someone builds a CSAM collection in an attempt to profit from the pain of so many others. This conduct warrants a sentence of 210 months.

**A. Reflect the Seriousness of the Offense**

First, a sentence of 210 months is necessary to reflect the seriousness of the offense. Clark had amassed a collection of over 200 child sexual abuse material files on her cell phone. This collection included a video of an adult male penetrating the mouth of a prepubescent girl, a

1

video of a prepubescent girl performing oral sex on a minor boy, and a video of a prepubescent girl being sodomized by an adult male. Clark also had access hundreds more CSAM files stored on an online file-storage site called "Mega."

Clark spread this CSAM across the internet by sharing it with anyone who was willing to hand over money. Over the course of several months, she posted more than 800 advertisements to an online chatroom, proclaiming that she had CSAM she was willing to sell. She priced access to the material the same way a movie theater prices its popcorn: small, medium, and large:



But of course, Clark was not selling popcorn. She was selling videos of pictures and videos of children being sexually abused. Convincing Clark to share her CSAM with others wasn't hard; she was willing to provide CSAM to her customers for as little as five dollars.



Clark never considered the revictimization she caused each time she distributed these files containing sexual abuse. She never thought about her role in further spreading the worst moments of someone's life across the internet, making it even more improbable to contain the spread of these files. Instead, she only thought of herself and the $5 she could profit from the tragedies of others.

And make no mistake, Clark knew her collection included images and videos of minors, even babies and toddlers. That conclusion was unescapable based on the names of the files she was selling alone:





In fact, Clark was never shy about the fact that she was openly selling child pornography. Many of her advertisements were simply her payment information pasted over stills taken from CSAM videos. In short, her ads for the child sexual abuse material were themselves, CSAM.

Unsurprisingly, Clark's undisguised advertising that she had CSAM she was willing to sell attracted customers. These customers made it clear that they were seeking access to images

and videos of the sexual abuse of children.

> User luisachu:XXXX: "Paypal?"
> Defendant: "Yes pay pal cash app or venmo I accept"
> User luisachu:XXXX: "Got like 14yo?"
> Defendant: "I do I have ages 2-18 so whatever you prefer"
> User luisachu:XXXX: "Nice: How much for a video of a 14 or 15yo fingering herself?"
> Defendant: "15"

In fact, one of Clark's advertisements was a screenshot of a conversation between two users. The screenshot displayed Clark's username, "Beautifulga157," with a video thumbnail image depicting a pre-pubescent minor with her genitals exposed. The wording above the video thumbnail is "you sent $5" and below was a message from Clark's customer: "Ohh damnn that's hot. Thanks." In another message, Clark boasted that her customers could get access to a large collection of CSAM, including CSAM of infants stating: "7 months -18 I have."

In sum, Clark collected, advertised, and sold CSAM with a shocking disregard for the lives of the children in the material. She sold her CSAM collection the way some people sell their comic book collection on eBay or their art on Etsy. But in doing so, Clark helped spread CSAM across the internet, further victimizing these children. As the Court well knows, these children's lives are devastated by the spread of this CSAM, and Clark must be held responsible for her role in their ongoing victimization. This is a serious offense warranting a lengthy sentence of 210 months.

### B. History and Characteristics of the Defendant

Second, a sentence of 210 months is warranted after considering Clark's history and characteristics. According to the PSR, Clark once lived with a child who had previously been sexually abused by an adult male. PSR ¶ 58. That child's mother noted that Clark hated that this happened. As a result, Clark was not naïve or ignorant about the ramifications of such abuse.

6

Rather, Clark knew firsthand how devastating the sexual abuse of a child can be. Yet, armed with this knowledge, Clark did fight the spread of CSAM or work towards finding closure for victims. Instead, she spread this material herself, albeit for a price. This heightens the seriousness of this offense.

### C. Afford Adequate Deterrence

Finally, a sentence of 210 months is appropriate after considering the need for the sentence imposed to afford adequate deterrence to criminal conduct. This case is unique. Most of the cases like this one brought before this Court involve defendants who are compulsively sexually attracted to children. That does not appear to be the case with Clark. Rather, she was just looking for a way to make a few dollars. Where other people choose to drive for Uber or pick up a few shifts at McDonalds, Clark chose to collect, advertise, and sell images of children being sexually abused. This cannot stand. In a world in which Americans are increasingly looking for ways to make money through "side hustles," selling CSAM online must not be a viable source of income. A sentence of 210 months would strongly deter anyone else from even considering advertising and selling CSAM online.

### CONCLUSION

The United States respectfully submits that Anjelica Clark should receive a sentence of 210 months for her offense.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By: *s/ Adam Eakman*
Adam Eakman
Assistant United States Attorney
United States Attorney's Office

7

10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: 317-226-6333
Email:  adam.eakman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice and service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

By: *s/ Adam Eakman*
Adam Eakman
Assistant United States Attorney
United States Attorney's Office
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: 317-226-6333
Email: adam.eakman@usdoj.gov